**FILED**
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**July 10, 2017**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

PAULA PUCKETT,

       Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE; FARM
SERVICE AGENCY, USDA;
GREGORY DIEPHOUSE, Deputy
Administrator for Field Operations, in
his official capacity,

       Defendants - Appellees.

No. 16-6212
(D.C. No. 5:15-CV-00380-C)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH,** Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

Paula Puckett was an employee of the Farm Service Agency ("FSA"), a

branch of the Department of Agriculture responsible for administering federal

programs designed to aid farmers and ranchers. 16 U.S.C. § 590h. After the FSA

terminated her employment, Puckett sought judicial review of that decision under

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. The district court granted summary judgment in favor of the FSA, concluding Puckett failed to demonstrate the FSA's decision to terminate her was "arbitrary and capricious" or was lacking in "substantial evidence." *See id.* § 706(2)(A), (E). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Carl Josefy became Puckett's boss in 2012 at the Jackson County, Oklahoma office of the FSA. One of Josefy's first acts as Puckett's supervisor was to mandate that all employees arrive to work by 7:00 a.m. When Puckett repeatedly failed to abide by this directive, she was subjected to progressive discipline. She was first assessed a written reprimand, followed by five- and fourteen-day suspensions. Ultimately, when she proved unwilling to comply with the requirement that she arrive at work on time, Puckett was terminated by Gregory Diephouse, Deputy Administrator of Field Operations. Puckett's termination came at the end of a long administrative process, which included an administrative hearing before a hearing officer. The hearing officer found the FSA had proven twenty-one of the twenty-two instances of tardiness alleged in support of Puckett's termination. Although the hearing officer concluded a thirty-day suspension was sufficient punishment, Diephouse concluded termination was appropriate. In that regard, Diephouse concluded Puckett had shown "callous disregard for Agency time and attendance rules, and was charged in [the] instant matter only three months after serving her prior fourteen day suspension."

-2-

Puckett filed suit in district court asserting her termination violated the APA. She asserted she was not, in fact, tardy for work on many of the cited occasions because there existed in the office a "seven minute rule," which excused any late arrival before 7:07 a.m. She further asserted the decision to terminate her employment, rather than imposing some lesser penalty like a thirty-day suspension, was unduly harsh and, therefore, arbitrary and capricious. Finally, Puckett asserted Diephouse erred in disregarding the hearing officer's "finding" that a thirty-day suspension was the appropriate punishment for her tardiness issues. In so arguing, Puckett relied entirely on case law providing that appellate courts should defer to trial courts as to the trial courts' findings of fact.

In a concise, but entirely thorough order, the district court granted summary judgment in favor of the FSA. The district court began by noting the narrow APA standard of review of agency action.[1] With that standard in mind, the district court concluded the FSA's decision that Puckett was repeatedly tardy to work was

[1]The APA provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review is "narrow" and a reviewing court "is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). This is true even if the court might have reached a different conclusion in making the underlying decision. *Id.* Although inquiry under the APA is thorough, it is very deferential to the agency. *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 704 (10th Cir. 2010). The agency's decision must be upheld "if it has articulated a rational basis for the decision and has considered relevant factors." *Wolfe v. Barnhart*, 446 F.3d 1096, 1100 (10th Cir. 2006) (quotation omitted).

supported by substantial evidence.  In particular, the district court concluded the evidence supported the FSA's conclusion the "seven minute rule" relied upon by Puckett to excuse her tardiness worked only as a leave accounting mechanism, not as an excuse for untimely arrivals at work.  Next, the district court ruled Diephouse's decision to terminate Puckett was well-reasoned, based on the evidence presented, and made in consideration of all the relevant factors.  Thus, the decision to terminate Puckett was not arbitrary and capricious.  Finally, the district court rejected Puckett's assertion Diephouse was obligated to give deference to the hearing officer's findings in deciding whether to terminate Puckett's employment.  The district court noted the cases cited by Puckett did not involve APA review and that no case law supported the rule advocated by Puckett.  More importantly, Diephouse did, in fact, defer to the hearing officer's findings in terminating Puckett's employment.  The hearing officer's recommendation as to a matter entrusted entirely to Diephouse's discretion—what penalty to apply given the facts surrounding Puckett's recidivist tardiness—did not, however, involve an issue of fact.

This court has reviewed the entire record on appeal de novo, applying the standard of review set out in the APA.  *See Biodiversity Legal Found. v. Babbitt*, 146 F.3d 1249, 1252 (10th Cir. 1998) ("We review the district court's grant of summary judgment de novo, applying the same summary judgment standard used by the district court.").  That review demonstrates the district court's resolution of

Puckett's case is undeniably correct. The FSA's determination that Puckett was late to work on twenty-plus occasions is supported by substantial evidence and Diephouse's decision to terminate her employment is not arbitrary and capricious. Accordingly, this court **AFFIRMS** the grant of summary judgment in favor of the FSA for substantially those reasons set out in the district court's dispositive order dated May 12, 2016.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge